UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

| | |
|---|---|
| PHOENIX FEELEY, ) | |
| ) | **SECOND AMENDED** |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| -against- ) | |
| ) | **JURY TRIAL DEMANDED** |
| THE CITY OF NEW YORK; POLICE OFFICER ) | |
| MICHAEL JURENA, Shield No. 24700; POLICE ) | **15 Civ. 8349 (PKC)** |
| OFFICER MICHAEL RANIERI, Shield No. 24361;) | |
| JOHN DOES; RICHARD ROES, ) | |
| ) | |
| Defendants. ) | |

--------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff PHOENIX FEELEY seeks relief for

the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on July 30, 2014, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff PHOENIX FEELEY is a citizen of the United States, and at all times relevant herein resided in the state of New York, County of New York.

8.      Defendant THE CITY OF NEW YORK ("The City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New

York City Police Department ("NYPD").

9.      Defendants JURENA, RANIERI and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JURENA, RANIERI and JOHN DOES and JOHN DOES are sued individually and in their official capacity.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES

are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     Shortly before noon on July 24, 2014, Plaintiff was on East 12th Street in

Manhattan, between Avenues A and B.

12.     Plaintiff and a number of other people on the block were waiting for the street

cleaning hour to pass, so they could park their cars on that side of the street (the alternative side

of the street parking shuffle).

13.     Plaintiff flagged down a passing police vehicle and attempted to make a complaint

to its two JOHN DOES occupants that she had just been assaulted with hot coffee by a man on

the block.

14.     The two JOHN DOES were uninterested in what Plaintiff was telling them.

15.     A number of other JOHN DOES officers arrived at the scene, and blocked off

traffic.

16.     Plaintiff, and a number of witnesses, continued to try to make a complaint that

Plaintiff had just been assaulted.

17.     Defendant JURENA approached Plaintiff full of hostility, and told Plaintiff and a

number of other people who were trying to speak on her behalf that he was going to give them all

tickets for double parking.

18.     Plaintiff was standing by the driver's side door of her vehicle, and Defendant

JURENA was standing by the left side of Plaintiff's windshield, in the process of writing Plaintiff

a ticket.

4

19.     Plaintiff was not overly close to Defendant JURENA, and was not in Defendant JURENA's way, and was not impeding Defendant JURENA from moving anywhere or doing anything.

20.     Without any possible reason, and as a pretext for assaulting Plaintiff, Defendant JURENA stated, in sum and substance, for Plaintiff to get out of his way.

21.     Plaintiff asked Defendant JURENA why she needed to move, as there appeared to be no rational reason for him to be telling her to move.

22.     Defendant JURENA - with no possible reason or justification or warning, as there was plenty of room for him to step around her, and no emergency of any sort necessitating his going through her - then violently and intentionally barreled into Plaintiff, causing her pain and injury.

23.     On information and belief, Defendant RANIERI (Defendant JURENA's partner) was present and witnessed this attack upon Plaintiff by Defendant and failed to intervene to prevent it, and failed to assist Plaintiff or to report Defendant JURENA's attack upon Plaintiff in its aftermath.

24.     Defendant JURENA is a large man.

25.     Plaintiff is a small woman.

26.     Plaintiff thereafter video-recorded Defendant JURENA.

27.     It seemed that Defendant JURENA was only giving tickets to Plaintiff and those people who had been attempting to speak to the police on her behalf.

28.     Plaintiff received a ticket falsely charging her with being illegally double parked.

29.     Plaintiff was not illegally double parked.  Plaintiff was at all times in the immediate

proximity of her car, and was engaged in the alternative side of the street shuffle that has long

been a part of life's customary and lawful daily routines in New York City for people who drive

and do not rent monthly parking spaces in private garages.

30.     Plaintiff later that day went to Beth Israel Hospital emergency room to be treated

for the injuries that had been inflicted upon her by Defendant JURENA.

31.     Plaintiff's Beth Israel Hospital emergency room records state, *inter alia*, the

following:

> The patient is a 34-year-old female who presents with a chief complaint of neck
> pain…. The onset was sudden. The neck pain are precipitated by physical
> altercation. The neck pain is located in the left neck. It has been occurring for 2
> hour(s). The Radiation is left elbow and left shoulder. The course has been
> constant. The intensity is moderate. The symptoms have no aggravating factors.
> The symptoms have no relieving factors. The symptoms have been associated with
> shoulder pain and elbow pain, while the symptoms have not been associated with
> falls, head injury, numbness or tingling. The Related History is not significant. The
> patient was treated prior to arrival with nothing. Other related history is Patient,
> with no significant medical history, complains of 5/10 severity constant posterior
> left sided neck pain that radiates to her left shoulder and occasionally to her left
> elbow, status post being "body checked" by a large male New York Police
> Department officer x2 hours ago. Patient reports there was someone causing a
> disturbance on her block and she went to the police officer for help, he then
> pushed her out of his way with his body….

32.     Plaintiff was diagnosed with a "Prim[ary] Diagnosis" of "neck strain" and

"Additional Diagnoses" of "Sprain / Strain – Elbow Or Forearm Other," and was prescribed a

pain killer (prescription strength ibuprofen) and a muscle relaxer (Cyclobenzaprine) by the staff at

Beth Israel Hospital to address the injuries she sustained from Defendant JURENA.

33.     Plaintiff was also referred by the staff at Beth Israel Hospital to Gotham City

Orthopedics for follow-up care.

34.     Plaintiff's condition then worsened, and she was treated at Gotham City

Orthopedics on July 28, 2014.  Those records state, *inter alia*, as follows:

> **CC** [Chief Complaint]**:** Neck pain.
>
> **HPI** [History of Present Injury]**:** The patient is a 34-year-old, right-hand-dominant
> female who is complaining of some left and right trapezius pain and some spasms.
> She has neck pain with radiation to both of her shoulders. There is no prior injury.
> This is not work-related. She is taking a natural antiinflammatory. She states on
> the date of her injury, she was assaulted by a police officer. Her neck and both of
> her shoulders were injured. She said that a police officer walked through her. Since
> then she has had continued pain in her neck and shoulders, radiating to the left
> upper extremity. It is intermittent and rated 7/10 in intensity. It is made worse with
> pressing. She is a circus performer so it has been affecting her work. She does
> trapeze and other circus activities. She denies numbness, tingling, and paresthesias.
> …
> **Neck:**
>           **Inspection / Palpation**: She has some right paraspinal tenderness at the
> cervical spine area.
> …
>           **ROM** [Range of Motion]: The patient has some posterior neck pain with
> extension.  She has left side neck pain with rotation to the right, which is about 80
> degrees.  Lateral bending is about 60 degrees for both.
> …
> **ASSESSMENT AND PLAN**: I believe that the patient has cervical strain.  She
> will use anti-inflammatories and muscle relaxant.  She will do acupuncture and
> physical therapy.  We will see her back as needed.

35.     Plaintiff thereafter received acupuncture for the injuries that had been inflicted

upon her by Defendant JURENA, that continue to cause her pain and limit her professional and

personal activities to this day.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

37.     By their conduct and actions in assaulting and battering (*i.e.*, by using excessive

force against), violating and retaliating for the exercise of the right to free speech of, and failing to

intercede on behalf of, Plaintiff, defendants JURENA, RANIERI and JOHN DOES, acting under

color of law and without lawful justification, intentionally, maliciously, and with a deliberate

indifference to or a reckless disregard for the natural and probable consequences of their acts,

caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42

U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth

amendments.

38.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses,

and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

40.     By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD

8

ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

41.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

42.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities, including photographing or video-recording their activities.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     At all times material to this complaint, the defendant CITY OF NEW YORK has been on continuing notice that officers and commanders of the New York City Police Department tolerate and encourage police to lie, and to otherwise act, to cover up the wrongful conduct of themselves and their fellow officers.  This can be shown with reference to the following cases:

     a.  <u>Ariza v. City of New York</u>, 1996 U.S. Dist. LEXIS 20250, 14 (E.D.N.Y. March 7, 1996) ["The [municipal] defendants concede, however, that the code exists to prevent other officers from reporting corruption or dishonesty by fellow

officers…. [t]he principle behind the 'blue wall of silence' is that officers will suffer recrimination for breaking ranks and subjecting police conduct to public scrutiny."]

b. <u>White-Ruiz v. City of New York</u>, 1996 U.S. Dist. LEXIS 15571, 23 (S.D.N.Y. October 21, 1996) ["[P]laintiff offers sufficient evidence to permit a reasonable trier of fact to infer that the 'blue wall of silence' constitutes a custom or usage of the Department"]

c. <u>United States v. Rosario</u>, 237 F. Supp. 2d 242, 248 (E.D.N.Y. 2002) ["[Assistant U.S. Attorney] Palmer testified that while supervising the federal investigation into the Louima assault, she routinely confronted a 'blue wall of silence' erected by police officers and PBA officials intent on obstructing efforts to uncover the full truth about what had happened at the 70th precinct on August 9, 1997."]

d. <u>Barry v. New York City Police Dep't</u>, 2004 U.S. Dist. LEXIS 5951, 40-41 (S.D.N.Y. April 7, 2004) ["[P]laintiff's witnesses speak from firsthand experience about the blue wall of silence…. Plaintiff complains of acts that are of the precise nature as the customs and practices described in the [Mollen Commission] Report."

e. <u>Griffin v. City of New York et al.</u>, 10 Civ. 01824 (E.D.N.Y. 2010) [Plaintiff detective sues on pattern of retaliation following his reporting fellow detective to Internal Affairs, fellow officers cover for detective accused of misconduct, *see*, e.g., at ¶35: "Internal Affairs conducted its investigation into [Detective] Plaintiff's allegations [of misconduct] against [Detective] McCarthy. All of the material witnesses failed to cooperate with the investigation by being less than truthful….

11

[a]s a result, the allegations made by Plaintiff against McCarthy were dismissed as unsubstantiated."]

48.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

49.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.     The conduct of defendants JURENA, RANIERI, DOES, and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

51.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

52.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

53.     By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## TRESPASS

55.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

57.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## NEGLIGENCE

58.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

61.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62.     Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the employees and officials who injured plaintiff.  The acts and conduct of these employees and officials were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## CONSTITUTIONAL TORT

64.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14

65.     Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 8 and 12 of the New York State Constitution.

66.     A damages remedy here is necessary to effectuate the purposes of §§ 8 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

67.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

  a.  Compensatory damages;

  b.  Punitive damages;

  c.  The convening and empanelling of a jury to consider the merits of the claims herein;

  d.  Costs and interest and attorney's fees;

  e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
             May 3, 2016

                    _____/S/_____
                    JEFFREY A. ROTHMAN, Esq.
                    315 Broadway, Suite 200
                    New York, New York 10007
                    (212) 227-2980
                    Attorney for Plaintiff