# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

October 2, 2017

<u>By ECF</u>
The Honorable P. Kevin Castel
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Phoenix Feeley v. City of New York, et al.</u>; 15 Civ. 8349 (PKC)

Dear Judge Castel:

    I am counsel for Plaintiff, and write to (1) correct a stunning factual misstatement by opposing counsel in his opposition to Plaintiff's motions *in limine*, which was filed this past Friday, September 29, 2017 (docket #s 67 and 68); and (2) ask that the Court require opposing counsel to explain himself for suggesting therein, with no evidence whatsoever, that I have encouraged the Plaintiff to lie in this case, and to take whatever further action beyond that which the Court deems appropriate in this regard.

    While the parties had agreed that we would not file reply papers concerning the motions *in limine*, the Court should know that – with 100% certitude – Holly Van Voast (referenced in Points I and II of Defendants' Memorandum of Law, and in Exhibits C, D, and E to Mr. Brustein's September 29, 2017 Declaration) is an entirely different person from the Plaintiff, Phoenix Feeley, in this case. I have met Ms. Van Voast and know as a certainty that she and Plaintiff are different people. Opposing counsel - if he had taken even a few brief moments to investigate the matter before representing to the Court that they were the same person - would have known this as well. Indeed, Ms. Van Voast has herself sued the City of New York and members of the NYPD in relation to her arrests for being topless (as referenced in the Wikipedia page annexed as Defendants' Exhibit D), and a quick check of the Law Department's own files would have quickly confirmed for Mr. Brustein that these are completely different people. The Exhibit D Wikipedia page also states that Ms. Van Voast was born in 1965, and Ms. Feeley was born in 1980. And the two individuals really do not look at all like each other (and both have many pictures up on the internet that can be viewed with a few clicks of a computer mouse). There is nothing anywhere in the Plaintiff's deposition transcript (or anywhere else) suggested even remotely that Plaintiff and Ms. Van Voast are the same people. It is hard to imagine any good faith basis for Mr. Brustein to have represented to this Court that Ms. Van Voast (or her

fictional character Harvey Van Toast) are really the Plaintiff.  The Court should therefore disregard any arguments made by opposing counsel that are premised on the false assertion that Ms. Van Voast (or her fictional character Harvey Van Toast) are the Plaintiff in this case.

      I also wish to note that it was entirely improper for opposing counsel to have stated, on page 3 of Defendants' September 29, 2017 Memorandum of Law, that "Defendants should be permitted to question Plaintiff about her relationship with plaintiff's counsel and any impact that might had in motivating or encouraging her to lie about her altercation with Police Officer Jurena."  I should not, as an officer of this Court, be accused of the extremely serious ethical violation of encouraging my client to lie in this case, without opposing counsel having some sort of a basis suggesting that this were so, and I would ask the Court to require opposing counsel to explain himself for making this accusation, and take whatever further action beyond that which the Court deems appropriate.  There is, as an initial matter, no evidence that Plaintiff has lied about anything in this case, let alone that her relationship with me has had any impact in "motivating or encouraging her to lie in this case."  It is one thing for a lawyer to question an opposing party's credibility: that is of course par for the course, and expected.  It is quite another thing to accuse an opposing counsel of encouraging his client to lie.  That is a very serious allegation that has been made against me, that ought not to be made so blithely, and without any evidence to support it at all.

      I thank the Court for its consideration in this matter.

                                            Respectfully submitted,

                                            /S/

                                            Jeffrey A. Rothman
                                            Counsel for Plaintiff